STACHELBERG et al. v. UNITED STATES.

(Circuit Court, S. D. New York. February 12, 1896.)

No. 1,722.

CUSTOMS DUTIES—CLASSIFICATION—TOBACCO.

If a bale of tobacco contained any portion suitable for cigar wrappers, the whole bale was dutiable, under paragraph 242 of the act of 1890, as "suitable for cigar wrappers." and the court had no discretion to determine whether there was an appreciable percentage of such tobacco in the bale.

Appeal by Stachelberg & Co., importers, from a decision of the board of general appraisers which sustained the classification by the collector of certain tobacco in bales.

Charles P. McClelland, for appellants.

J. T. Van Rensselaer, Asst. U. S. Atty.

COXE, District Judge (orally). The appellant imported four bales of filler tobacco, which was assessed by the collector as leaf tobacco "suitable for cigar wrappers" under paragraph 242 of the act of 1890. The importers protested insisting that it should have been classified under paragraph 243 of the same act. There is no dispute that three of the bales contained a percentage of leaf tobacco suitable for cigar wrappers, the percentage differing in the different bales. The proviso of paragraph 242 provides "that if any portion of any tobacco imported in any bale * * * shall be suitable for cigar-wrappers, the entire quantity of tobacco contained in such bale * * * shall be dutiable" under that paragraph. It is hard to conceive of stronger or more unambiguous language. It is so clear that there is no room

for construction. It is practically prohibitory in its terms. The importers contend that the court is permitted to consider the question whether or not the percentage is appreciable or otherwise. I do not think that question can be considered under the language quoted. Therefore, as to three of the bales the decision of the board is affirmed. As to bale 5,677 several of the witnesses testify that it contained no wrapper tobacco. As the board did not pass upon the question of fact involved with reference to this bale, but based its decision upon the ground that the merchandise had gone out of the possession of the government, I think the question is still open in this court. The weight of evidence is that the importer's contention as to this bale is correct. As to bale 5,677 the decision of the board is reversed.